■ In the Matter of the Claim of FRANK A. LEMLEY, Respondent, v. H. R. B. SINGER, INC., Respondent, et al., Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— GABRIELLI, J. Appeal by the carrier from a decision of the Workmen's Compensation Board made pursuant to article 9 of the Workmen's Compensation Law, awarding disability benefits to the claimant. On September 14, 1962 claimant contracted pneumonia and his employer continued paying him the amount of his full wages until November 30, 1962 at which time the division of the employer's business in which the claimant worked, was discontinued. A notice of claim for disability benefits was filed with the carrier which it rejected on March 25, 1963 on the ground that it was not filed within the 26 weeks' limitation as required by subdivision 1 of section 217 of the Workmen's Compensation Law, additionally claiming that certain payments made were in the nature of severance pay. When this case was before us on a prior appeal (23 A D 2d 130) it was remitted for the purpose of determining whether there had been an " advance payment of compensation " which would toll the limitation. There followed a hearing at which the employer's Director of Industrial Relations testified to the various payments made to the claimant and further that on September 17, 1962, the employer knew that the claimant was absent because of illness; and that payments to him were continued until December 1, 1962. It further appears from the record that on September 14, 1962 the claimant notified both the vice-president and the personnel manager of the company that he was ill and confined to the hospital; and that he was then told that his salary would be continued " through the end of November ", which actually occurred, with the usual deductions being made therefrom. We find no substance to appellant's contention that the moneys paid to the claimant

through November 30, 1962 were dismissal payments or in the nature of severance pay. There is substantial evidence in the record to support the finding that the moneys paid to the claimant "constituted an advance payment of disability" for, while the employer's Personnel Manager testified that it was "planned" to give the claimant a notice of layoff effective September 17, 1962, he further testified that no such notice was given because "sickness interrupted"; no such notice was communicated to him and it was not until November 30, 1962 that the claimant was advised he would receive no further payments. The record also discloses that there was substantial evidence before the board upon which it could determine that the payments made through November 30, 1962 "were made with knowledge that claimant was suffering from a disability non-occupational in origin during the period" covered by the payments, thus bringing the case within the exception of the filing requirements contained in subdivision 5 of section 217 of the Workmen's Compensation Law. (*Matter of Weintraub* v. *Miller & Weintraub,* 11 N Y 2d 860.) Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy, Reynolds, Aulisi and Gabrielli, JJ., concur in memorandum by Gabrielli, J.